BANK OF BOGOTA, EXECUTOR AND TRUSTEE UNDER THE CONJOINT WILL OF CARL I. DINGFELDER AND LINA DINGFELDER, PLAINTIFF, v. WILLIS R. HESS AND BEN STRAUSS, EXECUTORS OF THE LAST WILL AND TESTAMENT OF LINA DINGFELDER, DEFENDANTS.

JULIUS DINGFELDER, PLAINTIFF, v. WILLIS R. HESS AND BEN STRAUSS, EXECUTORS OF THE LAST WILL AND TESTAMENT OF LINA DINGFELDER, DECEASED, *ET ALS.*, DEFENDANTS.

BELLA MARK, PLAINTIFF, v. WILLIS R. HESS AND BEN STRAUSS, EXECUTORS OF THE LAST WILL AND TESTAMENT OF LINA DINGFELDER, DECEASED, *ET ALS.*, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided July 28, 1953.

92

*Mr. Bruce H. Losche,* attorney for plaintiff Bank of Bogota.

*Messrs. Winne & Banta,* attorneys for plaintiff Julius Dingfelder.

*Mr. Walter H. Jones,* attorney for plaintiff Bella Mark.

*Messrs. Morrison, Lloyd & Griggs,* attorneys for defendants Willis R. Hess and Ben Strauss.

*Messrs. Breslin & Breslin,* attorneys for defendants Vorsanger, Spigel and Wise.

GRIMSHAW, J. S. C.   On June 27, 1940 Carl I. Dingfelder and Lina, his wife, executed a joint will, of which the introductory statement is as follows:

"We, CARL I. DINGFELDER and LINA DINGFELDER, of Bogota, New Jersey, do hereby make, publish and declare this to be our conjoint, mutual and irrevocable last Will and Testament, hereby revoking any and all testamentary dispositions by us, or either of us, either singly or jointly, at any time heretofore made."

Thereafter, by a codicil dated February 8, 1941, the plaintiff Bank of Bogota was named as executor of and trustee under the will.   Briefly, the will provided that in the event of the death of Carl I. Dingfelder before that of Lina Dingfelder, his property was to be held in trust for the benefit of Lina during her lifetime.   Upon the death of Lina and after the payment of two specific legacies, the residue of the estate was to be divided between named legatees or their issue.

Lina Dingfelder, on her part, provided that in the event of her death before that of Carl Dingfelder, her estate was to be held in trust for his benefit during his lifetime and upon his death was to be distributed in the same manner as had been provided by Carl.

Carl I. Dingfelder died on December 27, 1944.   The will was probated and the plaintiff bank qualified as executor and

trustee. Lina Dingfelder died on December 7, 1952. During her lifetime she received the income from the trust set up by Carl in the 1940 will.

On October 10, 1952, Lina Dingfelder executed another will, in which she made a disposition of the residue of her estate different from that provided for in the 1940 will. The defendants Hess and Strauss were named as executors. The will was admitted to probate by the Surrogate of Bergen County. The defendants Hess and Strauss qualified as executors.

The plaintiff bank challenges the right of the defendants to administer the estate of Lina Dingfelder. It alleges that Carl I. Dingfelder and Lina Dingfelder made a legally binding contract to dispose of their respective estates, the terms of which contract were expressed in the will of June 27, 1940. Plaintiff seeks a judgment for the specific performance of that contract. It asks that a trust be impressed on the assets of Lina Dingfelder in the hands of the defendants, and that those assets be turned over to the plaintiff for administration.

The matter is before me on a motion to strike the complaint.

The legatees named in the two wills have joined the defendants in opposition to the demands of the plaintiff bank. With the exception of three minor children of the deceased beneficiary, all of the interested parties are of full age. They have reached an agreement for the settlement of the two estates which they desire to submit to this court for its approval.

It is well settled that this court will enforce a binding contract between two persons for the disposition of their respective estates. It will not interfere with the probate of the later will made in violation of the contract, but will enforce the contract against the estate of the survivor by impressing a trust upon the assets. *Tooker v. Vreeland*, 92 *N. J. Eq.* 340 (*Ch.* 1921), affirmed *Tooker v. Maple*, 93 *N. J. Eq.* 224 (*E. & A.* 1921). Obviously the appeal to the court must be made by a person whose interest has been

affected. So it becomes necessary to determine whether the plaintiff bank has an interest sufficient to support the complaint.

Assuming, as charged in the complaint, that the Dingfelders made a binding contract, the terms of which were set forth in the 1940 will, the trust provided for in that will terminated with the death of Lina Dingfelder. Thereafter, the sole duty of the plaintiff Bank of Bogota, as trustee of the estate of Carl Dingfelder, was to distribute the *corpus* of the trust to the named beneficiaries. Its only duty so far as the estate of Lina Dingfelder is concerned, would be as executor to distribute the estate to those entitled to it. Plaintiff's interest in the Lina Dingfelder estate is the amount of the commissions to which it would be entitled if it functioned as executor. That interest is not sufficient to entitle it to bring the action which it here seeks to prosecute. *Gaeta v. De Gise's Will,* 139 *N. J. Eq.* 44 *(Prerog.* 1946).

The complaint will be dismissed.